UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON PAUL KEAN, #210913, )
                Petitioner, )
) No. 1:16-cv-993
-v- )
) Honorable Paul L. Maloney
DEWAYNE BURTON, )
                Respondent. )
)

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR HABEAS RELIEF

Jon Paul Kean filed a petition for habeas relief under 28 U.S.C. § 2254. The magistrate judge reviewed the record and issued a report recommending the petition be denied. (ECF No. 13.) Kean filed objections. (ECF No. 23.) Having reviewed the objections de novo, the Court will deny the petition.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## II.

    A. Proposed findings of fact. Kean advances several objections. All of the objections are overruled. The record supports the magistrate judge's proposed findings of fact. To the extent that Kean identifies some statements in the record that might implicate the proposed facts, Kean is wrong. For example, the dispute about when the crime occurred (somewhere between 10 and 11 in the morning), does not render erroneous the conclusion that Kean sold jewelry at a coin shop in Lansing "just a couple of hours after the burglary." The other alleged misstatements and omissions identified by Kean are similar.

    B. Expert Witness. Defense counsel identified an expert who would have testified about problems with eyewitness testimony. The prosecutor filed a *Daubert* motion, which the trial judge granted. Kean advances several objections. The trial court initially granted the prosecutor's *Daubert* motion because the testimony would not have helped the jury. There were multiple eyewitnesses. The trial judge later denied a motion for reconsideration filed after the trial. The trial judge concluded the motion was too late. The Michigan Court of Appeals affirmed the initial decision to grant the *Daubert* motion because the expert's affidavit contain no facts about the case.

    Kean's objections are overruled. Kean does not address the initial ruling or the decision on appeal. Instead, Kean relies on the expert's affidavit offered as part of the motion for reconsideration. The magistrate judge accurately summarized the relevant law and correctly applied that law to the facts in this case. This issue raises an evidentiary concern under state law, is not cognizable in a habeas review, and does not amount to a constitutional violation.

C. Shackles. Here, the issue is whether the jurors observed Kean in shackles. The issue was raised for the first time as part of Kean's motion for a new trial, where Kean presented evidence on the issue. The motion for a new trial was denied. The Michigan Court of Appeals found that Kean failed to establish that the jurors saw the shackles and, therefore, did not establish prejudice. Kean's objections on this issue are overruled. The magistrate judge accurately summarized the facts and the relevant law.

D. Prosecutorial Misconduct. Kean's objections are overruled. The magistrate judge accurately summarized the issue and explained why Kean's interpretation of the prosecutor's statement about the girlfriend's testimony does not amount to a constitutional error. In his reply, Kean asserts a *Brady* violation based on the contents of a victim impact statement completed by the homeowner during the investigation and before trial. Kean has not established a viable *Brady* violation. The homeowner was not one of the three individuals who identified Kean. Kean has not explained how the homeowner's alleged bias could have been used to impeach the homeowner's testimony at trial.

E. Jury Instructions. Kean's objection is overruled. The magistrate judge correctly summarized the relevant facts and applicable law. The state court of appeals corrected the error in the instructions and adjusted Kean's conviction.

F. Ineffective Assistance of Trial Counsel. In this portion of his response to the R&R, Kean advances at least nine objections to various statements in the report and recommendation. Kean's objections are overruled. The report and recommendation properly analyzes and resolves each of the alleged errors by trial counsel.

G. **Ineffective Assistance of Appellate Counsel.** Kean advances at least four objections to various statements in the report and recommendation in the section addressing the assistance of appellate counsel. Kean's objections are overruled. The report and recommendation properly analyzes and resolves the alleged errors by appellate counsel.

H. **Evidentiary Hearing.** As part of his objection, and through a separate motion (ECF No. 17), Kean requests and evidentiary hearing. The separate motion for an evidentiary hearing was denied. (ECF No. 21.) For the same reasons, Kean' request for an evidentiary hearing in his objection is also denied.

## III.

The Court has performed a de novo review of each specific objection. The Court finds the proposed findings of fact are supported by the record. The Court also finds the conclusions of law are well reasoned and correctly applies the facts to the law. Accordingly, the Report and Recommendation (ECF No. 13) is **ADOPTED** as the Opinion of this Court.

## CERTIFICATE OF APPEALABILITY

The magistrate judge recommends denying a Certificate of Appealability, a recommendation not addressed in Kean's objections. The Court has separately reviewed the record for the purposed of determining whether to issue a Certificate of Appealability. While Kean may disagree with the various rulings over the course of his criminal action, the choices made by his attorneys, and the jury's verdict, reasonable jurists would not. Neither would reasonable jurists disagree with the manner in which this Court has resolved the issues raised in his habeas petition. Therefore, a Certificate of Appealability is **DENIED.**

**IT IS SO ORDERED.**

Date: February 22, 2019                /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       United States District Judge